IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WESTCLAIR, INC., *et al.*,

    **Plaintiffs,**

    v.

COAST CARRIBEAN RECYCLING, INC., *et al.*,

    **Defendants**

CIVIL NO. 11-1847 (JAG)

MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

    Before the Court are four Motions for Summary Judgment filed by: 1) Plaintiff Coast Metals, Inc. ("Coast Metals"), Docket No. 70; 2) Plaintiff Westclair, Inc. ("Westclair"), Docket No. 73; 3) Defendants Integral Recycling Solutions, Inc. ("IRS"), together with Defendants Ivan Vazquez, Cesar Vazquez, Johan Vazquez, Javier Vazquez (collectively "Defendants"), Docket No. 77[1]; 4) Third Party Defendants Daniel Khodorkovsky and Igor Khodorkovsky (collectively "Khodorkovskys"). Pending before the Court are also two Motions to Strike, Docket Nos. 97, 110. The motions were referred to Magistrate Judge Camille Velez-Rive, Docket No. 112, who issued a Report and Recommendation, Docket No. 172. After considering the parties' objections, and a *de novo* review of the record and the parties' arguments, the Court hereby ADOPTS in part and REJECTS in part the Magistrate's Report & Recommendation.

    Upon *de novo* review, the Court ADOPTS the Magistrate's Findings of Fact in their entirety. As for the Magistrate's legal analysis, the Court will analyze each Motion in turn and

---

[1] Coast Carribean Recycling, Inc. ("CCR") is also a named defendant, although it does not move for summary judgment.

explain why the Court adopts or rejects each of the Magistrate's conclusions. The Court will also analyze issues not considered by the Magistrate where needed.

I. **Coast Metals's Motion for Summary Judgment**

The Magistrate recommended that Coast Metals's Motion for Summary Judgment be denied because Coast Metals has no contractual relationship with any of the Defendants. Docket No. 172 at 31-33. Accordingly, it cannot recover from Defendants for breach of contract. *Id.* Upon *de novo* review, the Court ADOPTS this analysis.

Plaintiffs[2] argue in their objections that the Joint Venture Agreement ("JVA") between Westclair and IRS should be interpreted as a contract in prejudice of a third party, where Coast Metals is the prejudiced third party. Docket No. 174 at 4-5. This Court disagrees. The Supreme Court of Puerto Rico has said that a contract in prejudice of a third party arises when "*at the execution of a contract, and precisely because of its execution*, the contracting parties cause harm to a third person . . . ." *Dennis, Metro Invs. v. City Fed. Savs.*, 21 P.R. Offic. Trans. 186, 201 (P.R. 1988) (emphasis added). The court further states that "[t]he [third party's] injury must be the *direct and immediate result of the contract*." *Dennis*, 21 P.R. Offic. Trans. At 204 (emphasis added). Thus, it is clear that the third party must be injured at the time of the contract. As the Magistrate correctly points out, the JVA was signed three months before Coast Metals disbursed any money to CCR, and Coast Metals was not mentioned anywhere in the JVA. Thus, Coast Metals cannot show that its injury is the "direct and immediate result" of the JVA. Therefore, the JVA does not qualify as a contract in prejudice of a third party.

Plaintiffs also attempt to save Coast Metals's collection claim by mentioning the doctrine of unjust enrichment. Docket No. 174 at 5. However, Plaintiffs neither raised this argument

---
[2] Westclair and Coast Metals are together referred to as "Plaintiffs."

before the Magistrate, nor did they plead unjust enrichment in their complaint. Thus, the Court does not consider this argument because it is waived. *Rafael Refojos & Associates, Inc. v. Ideal Auto. & Truck Assessories, Inc.*, No. CIV. 03-1797 (DRD), 2006 WL 695806, at *2 (D.P.R. Mar. 15, 2006) ("New arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge."). Accordingly, the Court DENIES Coast Metals's Motion for Summary Judgment.[3]

## II. Westclair's Motion for Summary Judgment

The Magistrate recommended that Westclair's Motion for Summary Judgment be denied because Westclair did not show that it was entitled to judgment as a matter of law on the issue of liability. Docket No. 172 at 38-39. Westclair argued that it was entitled to summary judgment because IRS had failed to make its initial contribution to the joint venture, which Westclair argued was a condition precedent or "suspensive obligation." Docket No. 75. Accordingly, because the condition precedent was never met, Westclair argued that the joint venture never came into existence and thus the parties must return each other to their positions before the JVA. *Id.* Westclair also argued that sufficient facts exist to merit piercing IRS' corporate veil. *Id.* However, the Magistrate concluded that the initial contribution was not a condition precedent. Docket No. 172 at 33-35. The Magistrate also concluded that Westclair had not put forth sufficient facts to show that IRS's corporate veil should be pierced as a matter of law. Docket No. 172 at 36-38.[4]

---

[3] Since Coast Metals cannot show a contractual relationship with any of Defendants, the Court later enters summary judgment against it, *see supra* at section III.A.iv.

[4] Although the Magistrate initially conducted her analysis as to Coast Metals's Motion for Summary Judgment, she incorporates the same analysis as to Westclair's Motion for Summary Judgment. Docket No. 172 at 38-39. Moreover, Westclair and Coast Metals arguments on these issues were exactly the same.

Upon *de novo* review, the Court ADOPTS the Magistrate's analysis. Plaintiffs' objections merely repeat the same arguments which were properly considered and rejected by the Magistrate. Docket No. 174. Accordingly, the Court DENIES Westclair's Motion for Summary Judgment.

### III. Defendants' Motion for Summary Judgment

The Magistrate recommended that Defendants' Motion for Summary Judgment be granted in part and denied in part as follows: granted as to Westclair's lack of standing; denied as to Defendants' counterclaims for "dolo"; and granted as to personal liability of Third Party Defendants. The Court will analyze each conclusion in turn.

#### A. Plaintiffs' Claims

The Magistrate granted Defendants' Motion for Summary Judgment against Westclair. Docket No. 172. She concluded that Westclair did not have standing to sue because it was not a party to the JVA, as its correct name was not on any of the JVA documents. *Id* at 45-49.[5] The Courts REJECTS this analysis because the Court concludes that there is a genuine issue of material fact as to the parties' intent and thus Defendants cannot show that they are entitled to judgment as a matter of law on this issue. Since the Court rejects this conclusion, the Court considers Defendants' remaining arguments, which the Magistrate did not address.

---

[5] The Magistrate also determined that "Westclair Holdings, LLC" (the name of the Westclair party on all the JVA documents) does not have standing to sue under the JVA. The Court does not address this portion of the analysis as "Westclair Holdings, LLC" is not a party to this litigation and has never existed.

   i. Westclair's Standing

  Plaintiffs argue in their objections that Westclair does have standing to sue under the JVA because "Westclair, Inc." (the plaintiff in this litigation), and not "Westclair Holdings, LLC" (a company that does not exist and has never existed), is the real party in interest in this litigation. Docket No. 174 at 10-14. Although Plaintiffs misguidedly rely on Fed. R. Civ. P. 17(a) instead of substantive contract law, their argument basically boils down to this: "Westclair, Inc." is the correct corporation that the parties intended to be bound by the JVA and the fact that "Westclair Holdings, LLC" was listed on the JVA documents was a mistake.

  If Plaintiffs' account is true, then the JVA can be reformed to reflect that "Westclair, Inc." was the correct contracting party. *See* 31 L.P.R.A. § 3471 ("If the words [of a contract] should appear *contrary to the evident intention of the contracting parties, the intention shall prevail*.") (emphasis added); *see also* 31 L.P.R.A. § 3405 ("An error with regard to the person shall invalidate a contract only when the consideration of the person should have been the principal cause of the same. *A mere error of account shall only give rise to its correction*.") (emphasis added). Thus, Westclair, Inc. would have standing to sue under the JVA.

  To support their position, Plaintiffs attached the declaration of Igor Khodorkovsky, the President of Westclair, where he states under penalty of perjury that he had his attorney incorporate an entity in California named Westclair; that he had this same attorney negotiate all the terms of the JVA; that he and Daniel Khodorkovsky relied on his attorney's approval of the JVA; and that it was only after controversy arose that he realized that the JVA was incorrectly prepared with the name "Westclair Holdins, LLC." Docket No. 88-1. The Court finds that this declaration is enough for Plaintiffs to show that a reasonable fact-finder could find that "Westclair, Inc." was in fact the contracting party under the JVA. Accordingly, the Court DENIES Defendants' Motion for Summary Judgment as to Westclair's lack of standing.

   ii.  Westclair's Lack of Capacity and Puerto Rico Door-Closing Statute

  Next Defendants argue that Westclair's claims are barred by two threshold defenses: 1) lack of capacity to sue, *see* Fed. R. Civ. P. 17(b), and 2) the Puerto Rico door-closing statute, *see* 14 L.P.R.A. § 3803 (stating that a foreign corporation that has been doing business in Puerto Rico without authorization cannot sue in Puerto Rico courts until it has been authorized to do business legally and has paid any fees, penalties, and taxes due). Docket No. 77 at 11-15. However, the Court does not consider the merits of these arguments because Defendants have waived both defenses.

  Both of these defenses are intended as threshold defenses to be raised at the beginning of a litigation. *See* 5A Federal Practice and Procedure, Wright and Miller, § 1295 (3d ed.). As to lack of capacity, numerous courts, including the First Circuit, have found waiver where the issue was not raised by specific denial in a defendant's answer under Fed. R. Civ. P. 9(a). *See, e.g., Garbincius v. Boston Edison Co.*, 621 F.2d 1171 (1st Cir. 1980); *Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343 (7th Cir. 1991); *Lang v. Texas & Pacific Ry. Co.*, 624 F.2d 1275 (5th Cir. 1980); *Summers v. Interstate Tractor & Equipment Co.*, 466 F.2d 42 (9th Cir. 1972). As to the Puerto Rico door-closing statute, although the Puerto Rico Supreme Court has not considered the issue of whether it is a waivable defense, Delaware courts have held that Delaware's nearly identical door-closing statute is waived if not specifically pled in a defendant's answer. *See G. R. Sponaugle & Sons, Inc. v. McKnight Const. Co.*, 304 A.2d 339, 342-343 (Del. Super. 1973) (citing *Model Heating Co. v. Magarity*, Del.Supr., 81 A. 394 (1911)).[6] In addition, most courts have found that door-closing

---

[6] Puerto Rico corporate law is modeled on Delaware corporate law and Puerto Rico courts look to Delaware jurisprudence in interpreting Puerto Rico's corporate law. *See Llorens v. Arribas*, 184 D.P.R. 32 (P.R. 2011).

statute defenses are waivable. *See, e.g., Certain Underwriters at Lloyd's, London v. Best for Less Food Mart, Inc.*, No. 8:10-CV-688-T-30AEP, 2015 WL 685757, at *3 (M.D. Fla. Feb. 18, 2015); *Simpson v. Air Liquide Am., LP*, No. 3:09-CV-172-FDW, 2009 WL 2171274, at *3 (W.D.N.C. July 20, 2009); *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 385 (S.D.N.Y. 1998), *aff'd*, 173 F.3d 843 (2d Cir. 1999). *But see Landmark Health Sols., LLC v. Not For Profit Hosp. Corp.*, 950 F. Supp. 2d 130, 136 (D.D.C. 2013) (holding that door-closing statute is jurisdictional and as such the defense can be raised at any time).

In this case, Defendants failed to raise either defense in their answer. Instead, they raise these arguments for the first time in their Motion for Summary Judgment, Docket No. 77, filed *nearly four years* after the initial complaint in this case. Both the weight of the precedent, along with principles of equity and fairness, counsel against allowing Defendants' threshold defenses so late in the game. Accordingly, Defendants' arguments based on lack of capacity and the Puerto Rico door-closing statute are waived, and the Court DENIES Defendants' Motion for Summary Judgment on these issues.

iii. Piercing the Corporate Veil of CCR and IRS

Defendants next argue that there is no set of facts that would allow Plaintiffs to pierce the corporate veil of CCR or IRS. Docket No. 77 at 15-20. Plaintiffs counter with evidence that one of IRS's officials, Ivan Vazquez, took control of CCR and excluded Plaintiffs from its management.[7] Under Puerto Rico law, "a corporation is the alter ego or business conduit of its stockholders when there is such unity of interest and ownership that the personalities of the corporation and the stockholders . . . are intermingled and, as a result, the corporation actually is

---

[7] Plaintiffs also rehash their argument that the joint venture entity CCR never came into fruition because IRS did not comply with a condition precedent to the JVA. Docket No. 87 at 10. However, as the Magistrate correctly points out, Docket No. 172 at 33-35, IRS's initial contribution was not a condition precedent to the JVA.

Civil No. 11-1847 (JAG)                                                                                                                 8

not a separate and independent entity." *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 D.P.R. 905, 1993 WL 840226 (P.R. Mar. 9, 1993).

Plaintiffs put forth evidence that Ivan Vazquez interfered with the operations of the scrap yard, that he excluded Plaintiffs from its management, that he fired the scrap yard's foreman, and that he eventually completely took over its operations. *See* Docket No. 75. Viewing this evidence in the light most favorable to Plaintiffs, the Court finds that a reasonable fact-finder could find that IRS and CCR were not "separate and independent entities." Thus, the Court DENIES Defendants' Motion for Summary Judgment as to Westclair's inability to pierce the corporate veil.

      iv.    Plaintiffs' Recovery for loans to CCR and Interest

Defendants argue that there is no set of facts that would allow Plaintiffs to recover for amounts allegedly loaned to CCR. Docket No. 77 at 20-23. As to Plaintiff Coast Metals, Defendants argue that it cannot recover because it has no agreement or contract with any of Defendants. *Id.* at 22. The Court agrees and hereby incorporates the Court's analysis in Section I. of this opinion adopting the Magistrate's analysis on this issue, *see* Docket No. 172 at 31-33. Accordingly, the Courts GRANTS Defendants' Motion for Summary Judgment as to Coast Metals's ability to recover for its alleged loans to CCR.

As to Plaintiff Westclair, Defendants argue that it cannot recover for two reasons. Docket No. 77 at 20-23. First, Defendants argue that the JVA provides that any line of credit obtained for CCR was the sole responsibility of Westclair, and accordingly IRS is not responsible for its payment. *Id.* at 20-21. Section 3.02 of the JVA provides that one of Westclair's contributions to the JVA was to "provide or cause to provide, *at its cost*, an extended line of credit for all material purchases backed by Purchase Orders for the benefit of the Joint Venture."

Docket No. 67-1 at 11. Defendants focus on the "at its cost" language to argue that Westclair cannot recover. However, the Court refuses to interpret this provision to mean that Westclair did not have a right to repayment on its line of credit. A line of credit by definition is a loan and is intended to be paid back. *See* LINE OF CREDIT, Black's Law Dictionary (10th ed. 2014). Furthermore, if Westclair succeeds in showing that Defendants breached the JVA, the Court sees no reason why it cannot ask for amounts allegedly loaned to CCR as damages.

Second, Defendants argue that Westclair cannot recover because CCR did not approve any line of credit or loan. Docket No. 77 at 22-23. For support, Defendants cite to Section 2.02 of the JVA, which states that the Board of CCR shall be responsible for, *inter alia*, "approval of any corporate financing terms or conditions." Docket No. 67-1 at 8. However, this provision is simply a general provision outlining the responsibilities of CCR's Board. In no way does it modify Westclair's obligation to provide a line of credit in Section 3.02, by requiring Westclair to obtain approval from CCR's Board first. Furthermore, contracts can be ratified after the fact when a corporation retains its benefits. 6 Fletcher Cyc. Corp. § 2574. It is undisputed that Westclair provided loans to CCR pursuant to the JVA, Docket No. 172 at 18-19, and there is nothing to indicate that CCR rejected the benefits of these loans. Thus, the Court cannot say as a matter of law that CCR never ratified Westclair's loans. Accordingly, the Courts DENIES Defendants' Motion for Summary Judgment as to Westclair's ability to recover for its alleged loans to CCR.[8]

    v.    Plaintiffs' Recovery for Breach of Contract

---

[8] Furthermore, Defendants do not provide any cases or legal support for their argument. *See United States* v. *Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.... Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.").

Defendants argue that Plaintiffs are not entitled to revenues, profits, or damages for breach of contract because they cannot prove that Defendants breached the contract. Docket No. 77 at 23-25. The Court disagrees.

Section 3.01 of the JVA provides that IRS had an obligation to obtain "certain capital contribution [for the joint venture] as identified in . . . Exhibit E." Docket No. 67-1 at 11. Exhibit E provides specific items and amounts, totaling $297,516.50, as to how this initial contribution was to be allocated. *Id.* at 38. "If the terms of a contract are clear . . . the literal sense of its stipulations shall be observed." 13 L.P.R.A. § 3471. The terms of Section 3.01 are clear that not only did IRS have to provide an initial contribution, but also that contribution had to be made in accordance with the items and amounts in Exhibit E. Although it is undisputed that IRS, through itself or others, made payments to CCR for its "expenses," Docket No. 172 at 20-21, Defendants put forth no evidence to show that these payments complied with the terms in Exhibit E. Thus, Defendants have not shown, as a matter of law, that they did not breach the JVA. Accordingly, the Courts DENIES Defendants' Motion for Summary Judgment as to Plaintiffs' ability to recover for breach of contract.

B.  Defendants' Counterclaims and Third Party Complaint for "Dolo"

The Magistrate recommended that Defendants' Motion for Summary Judgment as to their "dolo" claims be denied because there were factual issues for the jury to decide. Docket No. 172 at 49-52. Defendants did not object to this conclusion. *See* Docket No. 173. Upon *de novo* review, the Court ADOPTS this analysis. Accordingly, the Court DENIES Defendants' Motion for Summary Judgment as to their "dolo" claims.

    C.  <u>Personal Liability of Third Party Defendants</u>

The Magistrate recommended that Defendants' Motion for Summary Judgment be granted as to the personal liability of Third Party Defendants Khodorkovskys. Docket No. 172 at 52. The Magistrate concluded that Third Party defendants could not be protected under a corporate veil because they were not acting on behalf of a validly authorized corporation. *Id.* The Court REJECTS this analysis.

Puerto Rico corporate law provides that "[a]ll persons acting as a corporation without having the authority to do so shall be severally liable of all the debts and obligations incurred or assumed as a result of such action." 14 L.P.R.A. § 3505. However, as the title to this section indicates ("Commencement of corporate existence and liability for transactions executed prior to incorporation"), this individual liability only applies to individuals who act on behalf of an entity that has not yet been incorporated. It is true that a foreign corporation—one that is incorporated in another jurisdiction—must comply with certain requirements before it is authorized to conduct business in Puerto Rico. *See* 14 L.P.R.A. § 3801. However, the only consequence of not complying with the requirements is that the foreign corporation may not initiate any proceeding in Puerto Rico courts. 14 L.P.R.A. § 3803(a). A foreign corporation's acts in Puerto Rico are no less valid because it has not been authorized to do business in Puerto Rico. 14 L.P.R.A. § 3803(b); *CSA Grp. Inc. v. Solomon*, No. KCD2007-0392, 2014 WL 902740, at *7 (P.R. Cir. Jan. 31, 2014). Accordingly, a person acting on behalf of a validly incorporated foreign corporation is not automatically individually liable simply because the corporation is not authorized to do business in Puerto Rico. *Solomon*, 2014 WL at *7, *12.

In this case, Third Party Defendants contend they were acting on behalf of Westclair, which at the time was a valid corporation under the laws of California. Docket No. 88-1. Thus, even though Westclair was not authorized to do business in Puerto Rico, Third Party

Defendants are protected under Westclair's corporate veil.[9] Therefore, the Court DENIES Defendants' Motion for Summary Judgment as to the personal liability of Third Party Defendants Khodorkovskys.

### IV. Third Party Defendants Khodorkovskys' Motion for Summary Judgment

The Magistrate recommended that Third Party Defendants' Motion for Summary Judgment be denied because there were factual issues for the jury to decide. Docket No. 172 at 49-52. Third Party Defendants did not object to this conclusion. *See* Docket No. 174. Upon *de novo* review, the Court ADOPTS this analysis. Accordingly, the Court DENIES Third Party Defendants' Motion for Summary Judgment.

### Conclusion

For the reasons stated above, the Court DENIES Coast Metals's Motion for Summary Judgment; DENIES Westclair's Motion for Summary Judgment; GRANTS Defendants' Motion for Summary Judgment as to Coast Metals's ability to recover for its alleged loans to CCR, and DENIES it in all other respects; DENIES Third Party Defendants' Motion for Summary Judgment. The Court also DENIES both Motions to Strike.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2016.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[9] If it turns out that they were acting on behalf of the fictitious corporation "Westclair Holdings, LLC," then they would be individually liable for their actions. However, this is a factual issue for the jury.